```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/21/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
UNITED STATES OF AMERICA                                       :
                                                              :
            - v. -                                            :
                                                              :
JUNIOR RAFAEL REYNOSO ORTEGA,                                 :
                                                              :
                          Defendant.                          :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGEMENT

20 CR 606 (MKV)

WHEREAS, on or about November 12, 2020,  JUNIOR RAFAEL REYNOSO

ORTEGA (the "Defendant"), was charged in an Indictment, 20 CR 606 (MMKV) (the

"Indictment"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846

("Count One");

WHEREAS, the Indictment included a forfeiture allegation as to Count One,

seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of

any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as

a result of the offense charged in Count One, and any and all property used, or intended to be used,

in any manner or part, to commit, or to facilitate the commission of the offense charged in Count

One, including but not limited to a sum of money in United States currency representing the

amount of proceeds traceable to the commission of the offense charged in Count One;

WHEREAS, on or about March 29, 2021, the Defendant pled guilty to Count One,

pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture

allegation with respect to Count One and agreed to forfeit, pursuant to Title 21, United States Code,

Section 853, a sum of money equal to $4,900 in United States currency, representing any and all

property constituting, or derived from, proceeds the Defendant obtained directly or indirectly as a

result of the offense charged in Count One;

WHEREAS, the Government asserts that $4,900 in United States currency seized in connection with the arrest of the Defendant in the Bronx, New York (the "Specific Property") represents proceeds traceable to the commission of the offense charged in Count One that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $4,900 in United States currency, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Count One that the Defendant personally obtained;

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offense charged in Count One, to which the Defendant pled guilty, a money judgment in the amount of $4,900 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One that the Defendant personally obtained, shall be entered against the Defendant.

2

2.      As a result of the offense charged in Count One, to which the Defendant

pled guilty, all of the Defendant's right, title, and interest in the Specific Property is hereby

forfeited to the United States for disposition in accordance with the law, subject to the provisions

of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this

Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the

Defendant, and shall be deemed part of the sentence of the Defendant, and shall be included in the

judgment of conviction therewith.

4.      All payments on the outstanding Money Judgment shall be made by postal

money order, bank or certified check, made payable to the United States Marshals Service, and

delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New

York, New York 10007 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments

on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title

to such forfeited property.

6.      Upon entry of this Preliminary Order of Forfeiture as to Specific

Property/Money Judgement, the United States, or its designee is hereby authorized to take

possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6)

of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the

United States is permitted to publish forfeiture notices on the government internet site,

3

www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate,

4

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

        12.     The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

        13.     The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
     October 21    , 2021

                        SO ORDERED:

                        Mary Kay Vyskocil

                        THE HONORABLE MARY KAY VYSKOCIL
                        UNITED STATES DISTRICT JUDGE

5