USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

JUNIOR RAFAEL REYNOSO ORTEGA,

Defendant.

---

20-cr-606 (MKV)

**OPINION AND ORDER DENYING
MOTION TO MODIFY SENTENCE**

MARY KAY VYSKOCIL, United States District Judge:

In October 2021, the Court sentenced Defendant Reynoso Ortega to a term of 108 months of imprisonment for his role in a drug trafficking conspiracy involving the distribution of fentanyl. *See* Judgment in a Criminal Case [ECF No. 38] ("Judgment"); Sentencing Transcript 2:18–23 [ECF No. 43] ("Tr."). Because Defendant is a deportable alien, *see* U.S.S.G. § 5D1.1(c), the Court did not impose a term of supervised release. *See* Judgment 3; Tr. 24:20–22.

Defendant, proceeding *pro se*, moves to modify his sentence to *add* a one-month term of supervised release to his sentence. *See* Motion to Modify Sentence [ECF No. 47] ("Def. Mem."). Defendant requests that the Court impose a period of supervised release so that he is able to "receive the benefit of earned-time credits" under the First Step Act. Def. Mem. 2.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court "may *not* modify a term of imprisonment once it has been imposed" unless, "after considering the factors set forth in section 3553(a)," the Court finds that "extraordinary and compelling reasons warrant such a reduction" <u>and</u> that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphases added). *See also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)."). Defendant has the burden of showing extraordinary and compelling reasons exist. *See United States v. Gotti*, 433 F. Supp. 3d 613, 619 (S.D.N.Y. 2020).

Defendant has not satisfied his burden. As an initial matter, even if the Court imposed a term of supervised release, Defendant would not be eligible for the earned time credits he seeks because "[a] prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction under . . . 21 U.S.C. § 841(b)(1) . . . relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of [fentanyl]." 18 U.S.C. § 3632(d)(4)(D)(lxvi). Defendant was sentenced under 21 U.S.C. § 841(b)(1)(A) for his involvement in a conspiracy involving the distribution and possession of fentanyl, *see* Tr. 2:18–23, and is therefore ineligible for the earned time credits that he seeks. *See United States v. Saleem*, No. 18-cr-274 (VEC), ECF No. 115 (S.D.N.Y. Mar. 22, 2023) ("The Court declines to grant Mr. Saleem the benefit of a supervised release term just because defendants who *are* subject to post-release restrictions may benefit from earned time credit under the First Step Act." (emphasis in original)).

Defendant offers no other reason, never mind an extraordinary and compelling one, to justify a modification of his sentence. Notwithstanding their recent amendment,[1] the Sentencing Guidelines still instruct that district courts "ordinarily should *not* impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c) (emphasis added). In addition, the Court finds that the Section 3553(a) factors do not weigh in favor of a sentence modification. *See* 18 U.S.C. § 3553(a). The Defendant's crimes were very serious— involving significant quantities of deadly drugs and large sums of money. *See* Tr. 20:14–21:4.

---

[1] The Probation Department has filed a revised Final Presentence Report in this case, *see* Revised Final Presentence Investigation Report [ECF No. 53], indicating that the Defendant may be eligible for a sentence reduction based on the retroactive 2023 amendments to the Sentencing Guidelines. The Court has entered a briefing schedule with respect to that issue, *see* Order [ECF No. 54], and will resolve it separately.

Thus, the Court finds there is a serious need to deter similar criminal conduct (by this Defendant or others inclined to engage in this type of conduct), and to promote respect for the rule of law. *See* Tr. 22:18–22.  Moreover, the Court is troubled by Defendant's misbranding and adulteration of the drugs at issue.  *See* Tr. 21:5–8.  For these reasons and the others discussed at sentencing, the Court cannot conclude that a sentence modification is warranted.

Accordingly, Defendant's motion to modify his sentence is DENIED.  The Clerk of Court is respectfully requested to terminate ECF No. 47.

**SO ORDERED.**

**Date:   December 11, 2023**
**          New York, NY**

                                                                         _____
                                                                         **MARY KAY VYSKOCIL**
                                                                         **United States District Judge**