UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/16/2025
```

UNITED STATES OF AMERICA,

           Plaintiff,

-against-

JUNIOR RAFAEL REYNOSO ORTEGA,

           Defendant.

20-cr-606 (MKV)

**ORDER GRANTING MOTION FOR SENTENCE REDUCTION**

MARY KAY VYSKOCIL, United States District Judge:

      The defendant, Junior Rafael Reynoso Ortega, pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. § 846 and 21 U.S.C. 841(b)(1)(A).  The Court sentenced Defendant principally to a term of 108 months of imprisonment [ECF No. 38].  After his sentencing, Defendant filed *pro se* motions to modify his sentence pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(1)(A), which motions the Court denied [ECF Nos. 47, 49, 51, 55].

      Thereafter, in response to amendments to the Sentencing Guidelines, the United States Probation Office identified Defendant as eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 [ECF No. 53 ("Revised PSR")].  Defendant now requests that the Court resentence him to 87 months of imprisonment [ECF No. 57 ("Def. Mem.")].  The Government agrees that Defendant is eligible for a sentence reduction but requests that the Court "decline to disturb its original sentence" [ECF No. 61 ("Gov. Mem.")].

      A defendant is eligible for a potential sentence reduction if, as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range applied at his sentencing, and the defendant did not already receive a sentence lower than the amended range.  *See United States v. Sardarova*, No. 20-cr-681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024).  The inquiry

1

does not end there, however. Rather, Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Once the Court concludes that a defendant is eligible for a potential sentence reduction, the Court must then "consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 app. note 1(B)(i); *see Dillon*, 560 U.S. at 826.

As the parties and the Probation Office agree, here, Defendant is eligible for a sentence reduction pursuant to Part B of Amendment 821, which amends Guideline § 4C1.1 by providing a 2-level reduction in the offense level for offenders with zero criminal history points who meet specified eligibility criteria. *See* Revised PSR at 3; Def. Mem. at 1; Gov. Mem. at 1. Defendant's original Guidelines Range, at the time of his sentencing, was 108 to 135 months of imprisonment. Revised PSR at 3. Defendant's amended Guidelines Range, pursuant to Amendment 821, is 87 to 108 months of imprisonment. *Id.* As noted above, the Court imposed a sentence of 108 months of imprisonment, which is not lower than the bottom of the amended range. *See Sardarova*, 2024 WL 259775, at *1. As such, Defendant is eligible for a sentence reduction.

The Court has carefully considered the record in this case, all of the arguments in the parties' submissions, the reasoning of the United States Sentencing Commission in amending the Guidelines, and the § 3553(a) factors. At the time of his sentencing, the Court sentence Defendant to the bottom of the original Guidelines Range. As the defense points out, while Defendant has been incarcerated, he has completed multiple education programs and has not been subject to any disciplinary sanctions. *See* Def. Mem. at 2.

The Government asserts that, while "the United States Sentencing Commission can employ whatever variety of magical thinking it wishes to decrease the severity of the instant offense," the Court should refuse to reduce Defendant's sentence. Gov. Mem. at 2. The Government cites the

Court's statements at the sentencing about the "very serious nature of the crime" and the "very serious [fentanyl] problem" in the United States. *Id.* at 1–2 (quoting Tr. at 20:9–21). Defendant did commit a serious crime. However, pursuant to Section 3553(a), the Court has an obligation to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3353(a)(6). As such, by statute, the Court is not free to disregard Amendment 821 as "magical thinking," Gov. Mem. at 2, while countless similarly defendants receive sentence reductions.

Based on the Court's careful consideration of all of the parties' arguments and all of the 3553(a) factors, Defendant's motion for a sentence reduction pursuant to Amendment 821 is GRANTED. IT IS HEREBY ORDERED that Defendant's sentence of imprisonment shall be reduced from 108 month to 87 months.

**SO ORDERED.**

**Dated: June 16, 2025**
  **New York, NY**

*Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**